United States District Court
Southern District of Texas

**ENTERED**

August 04, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Salomeh Ghidarpour, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-4685 |
| | § | |
| Markwayne Mullin, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## <u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>

Petitioner Salomeh Ghidarpour is a native and citizen of Iran who entered the United States in 1982. Doc. 1 ¶ 1. In 2002, Petitioner became subject to a final order of removal and was granted withholding of removal under the Convention Against Torture ("CAT"). *Id.* ¶¶ 4, 7. In 2021, she received two years of probation for unlawful possession of marijuana under Texas law. *Id.* ¶ 50. Near the end of her probation term, however, Petitioner failed a drug test and absconded to avoid arrest. She was ultimately granted parole in August 2025. *Id.*

On February 12, 2026, Petitioner was detained by the Department of Homeland Security, and she remains in the custody of Respondent, Warden of the Houston Contract Detention Facility, in Houston, Texas. *Id.* ¶ 5. Ghidarpour now seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that her present detention violates (i) the Immigration and Nationality Act ("INA"); (ii) procedural due process; and (iii) substantive due process. *Id.* ¶¶ 105–37. She also argues that the Due Process Clause of the Fifth Amendment requires DHS to afford her at least 30 days written notice before she is

removed to a third country and that she be allowed to apply for CAT protections with that third country. *Id.* ¶¶ 138–43.

When it appears from a petition that an applicant for a writ of *habeas corpus* is not entitled to the writ, district courts should summarily deny the petition. *See* 28 U.S.C. § 2243. Here, Petitioner's claims are squarely foreclosed by precedent, so the Court need not order additional briefing before dismissing the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1]

Petitioner's first claim—that her detention violates the INA—is belied by the statute's text. When an alien is ordered removed under certain specified subsections of the INA, or is determined either to be a risk to the community or unlikely to comply with a removal order, the Attorney General is explicitly authorized to extend that alien's detention beyond the initial ninety-day post-removal-order "removal period." *See* 8 U.S.C. § 1231(a)(6); *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001). Petitioner does not contend that 8 U.S.C. § 1231(a)(6) does not apply to her present detention. *See generally* Doc. 1.

Petitioner instead argues the Supreme Court has construed 8 U.S.C. § 1231(a)(6) to include an implicit time limit. *See id.* ¶¶ 105–122. In one respect, Petitioner is correct. To avoid "a serious constitutional problem," the *Zadvydas* Court subjected Section 1231(a)(6) to certain limits derived from the Fifth Amendment's Due Process Clause. *Zadvydas*, 533 U.S. at 690. Thus, under *Zadvydas*, due process and statutory challenges rise and fall in

---

[1] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

concert. If an alien's detention extends beyond constitutional limits, it necessarily violates the *Zadvydas* Court's interpretation of Section 1231(a)(6).

But here, whether Petitioner's claims are framed as statutory or due process challenges, they are premature. This Court recently joined several district courts in construing *Zadvydas* as creating a bright-line rule: "Once a removal order becomes administratively final, the government is authorized to detain an alien for six months to facilitate his deportation." *Qambari v. Mullin*, No. 4:26-cv-2547, slip op. at 7 (S.D. Tex. July 2, 2026). "[D]uring this time period, any constitutional challenge to the alien's detention is premature." *Id.* Because Petitioner was re-detained on February 12, 2026, her current term in immigration custody has not yet exceeded the six months of presumptively reasonable post-removal-order detention authorized in *Zadvydas*. Doc. 1 ¶ 5.

Petitioner, however, contends that her *aggregate* term of post-removal-order detention—that is, her current term of custody plus her term some twenty-four years ago—exceeds the six months of presumptively reasonable post-removal order detention authorized in *Zadvydas*. *Id.* ¶ 69. District courts divide sharply on aggregation, but this Court recently addressed this precise issue. *See Jillani v. Blanche*, No. 4:26-cv-4550, slip op. at 7 (S.D. Tex. July 28, 2026) (comparing *Phong Thanh Nguyen v. Scott*, 796 F. Supp. 3d 703 (W.D. Wash. Aug. 21, 2025) with *Barrios v. Ripa*, No. 1:25-CV-22644, 2025 WL 2280485, at *8 (S.D. Fla. Aug. 8, 2025)). Given the *Zadvydas* Court's desire to appropriately defer to the Executive Branch in immigration matters, establish "uniform administration in the federal courts," and prevent "detention that is indefinite and potentially permanent," the Court joined those district courts that reject aggregation

3

articulated the following standard for re-detention. *See id.* (citing *Zadvydas*, 533 U.S. at 696, 700, 701).

> [T]he government shall be entitled to a new presumptively reasonable six-month-period to effectuate an alien's removal for each discrete detention. Absent evidence of a deliberate pattern of catch-and-release to elude judicial scrutiny, the Court shall defer to the Executive Branch's expertise and assume that re-detention is part of a genuine and independent effort to effectuate that alien's removal.

*Jillani v. Blanche*, No. 4:26-cv-4550, slip op. at 7 (S.D. Tex. July 28, 2026).

After she was granted withholding of removal to Iran in 2002, Petitioner remained in immigration custody for some unknown period. Doc. 1 ¶ 69. But she neither alleges nor adduces any evidence that she was re-detained between 2002 and 2026. *See generally id.* Thus, for over twenty years, Petitioner remained subject to a final removal order but free from immigration custody. *See id.* On these facts, the Court must assume that DHS re-detained Petitioner in February as part of a genuine effort to finally effectuate her removal. *See Jillani,* No. 4:26-cv-4550, slip. op. at 7. Therefore, because her current detention period has not yet exceeded six months, both her statutory and her due process challenge must be dismissed as premature.[2]

Finally, Petitioner seeks procedural protections before being removed to a third country. *See* Doc. 1 ¶¶ 138–143. Setting aside whether a habeas petition—an application

---

[2] To the extent Petitioner raises due process claims beyond her challenge to prolonged post-removal-period detention under *Zadvydas*, the Court rejects these claims. *See* Doc. 1 ¶¶ 123–37. *Zadvydas* provides the due process standard for post-removal-period detention, not *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976) or the remaining cases Petitioner cites for standards of procedural and substantive due process. *See* Doc. 1 ¶¶ 123–37.

originally designed to provide relief from confinement—is a proper vehicle to challenge the Administration's *removal* procedures, Petitioner's claim is unripe. *See* Doc. 1 ¶¶ 138–143.

The Constitution restricts the judicial power to cases or controversies. U.S. Const. art. III, § 2. The ripeness doctrine "originate[s] in Article III's 'case' or 'controversy' language." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 335 (2006). The doctrine's "basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (citation modified). Dismissal for lack of ripeness is appropriate "when the case is abstract or hypothetical." *Id.* "A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *Id.*

Here, Petitioner's claim requesting formal written notice and an opportunity to seek withholding of removal or CAT protection from third country removal is unripe. Petitioner does not allege or produce any evidence that Respondents have identified a third country to which they intend to remove her without affording her the procedural protections that she seeks. *See id.* ¶¶ 139, 142. Without such allegations or supporting evidence, Petitioner's claim merely presents a hypothetical disagreement. Simply put, the Court cannot mandate procedural protections absent allegations that those protections have become necessary or will be denied to Petitioner. Therefore, because the claim is unripe, the Court must dismiss it without prejudice for lack of subject matter jurisdiction. *See Choice Inc. of Tex.*, 691 F.3d at 714–15.

In sum, the Petition is summarily DISMISSED because it appears from the Petition and attached exhibits that Petitioner is not entitled to habeas relief. *See* Rule 4, Rules Governing Section 2254 Cases. Petitioner's claims for relief under the INA and Fifth Amendment's Due Process Clause are premature and therefore must be DISMISSED WITHOUT PREJUDICE to being re-asserted once Petitioner's current period of detention has exceeded six months. Petitioner's claim seeking notice and an opportunity to apply for protection from third country removal is DISMISSED WITHOUT PREJUDICE as unripe. In all other respects, the Petition is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 4th of August, 2026.

_____
Nicholas J. Ganjei
United States District Judge

6